## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. 6:15cv2136-orl-31TBS

EDSON RODRIGUEZ,

      Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

      Defendant.

_____/

### SEAMAN'S COMPLAINT

Plaintiff sues Defendant and alleges:

    1.  This is a case within this Court's Admiralty and Maritime Jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331 and 1333.

    2.  Plaintiff, EDSON RODRIGUEZ, is a citizen of Peru and a seaman within the meaning of 28 U.S.C. § 1916 and can file suit without paying the filing fee or costs.

    3.  Defendant, MAGICAL CRUISE COMPANY, LIMITED. (hereinafter "Disney"), is a foreign entity and has its principal place of business in Florida.

    4.  Defendant, at all times material hereto, personally or through an agent;

        a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

        b. Were engaged in substantial activity within this state;

        c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

5.   Defendant is subject to the jurisdiction of the courts of this state.

6.   The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

7.   At all times material hereto, Defendant DISNEY owned, operated, managed, maintained and/or controlled the vessel Dream. This vessel was registered in a flag of convenience country.

8.   At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

9.   At all times material hereto, Plaintiff held the position of pool host aboard the Dream. Plaintiff's job duties aboard the Dream consisted of consecutive and continuous heavy lifting.

10. Based on the ship board records provided by the Defendant, on or about October 2013, Plaintiff suffered an injury to his back while stacking chairs in the rain causing him to develop the onset of pain while performing his job duties of pool host aboard Defendant's vessel, Dream.

11. The injuries suffered by the Plaintiff, while working aboard the Dream, are a result of the Defendant's negligence.

12. At all times material hereto, the vessel Dream was not properly configured or equipped for the duties being carried out by the Plaintiff.

2

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twelve (12) as though they were originally alleged herein.

13. On or about October 1st, 2013, Plaintiff was employed by Defendant, DISNEY as a seaman and was a member of the crew of the Dream which was in navigable waters.

14. It was the duty of Defendant, DISNEY to provide Plaintiff with a reasonably safe place to work.

15. On or about the previous stated date, Plaintiff was injured due to the fault and negligence of Defendant, Disney, and/or its agents, servants, and/or employees as follows:

    a. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work;

    b. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of him employment on the Defendant's vessel on which he served;

    a. Failed to use reasonable care to provide Plaintiff a reasonable safe place to work due to: 1) Assigning the Plaintiff to do repetitive lifting of loads that were too heavy for him to safely lift and move by himself repetitively; 2) Failing to adequately limit the weight of each of the loads, Plaintiff was made to lift, to a weight that would be safe for him to lift regardless of how many lifts he had to do during his work day; 3) Failing to provide the Plaintiff adequate mechanical aids to assist him in doing his job; 4) Requiring the Plaintiff to perform his job during inclement weather conditions on a deck that was not reasonably safe to work on during those conditions; 5) Failing to adequately diagnose the Plaintiff's injuries

3

when he first reported to the ship's medical facility with pain and each time he returned to the ship's medical department seeking care for his conditions and instead sending the Plaintiff back to work on medication designed to mask his pain;

b. Failure to provide adequate instruction, and supervision to the Plaintiff and his fellow crew members assigned to supervise him;

c. Failure to provide prompt, proper, and adequate medical care to the Plaintiff each time he sought medical attention for his conditions;

d. Failing to properly diagnose and treat the Plaintiff's conditions as they continued to develop and worsen from their onset until he was finally medically disembarked to begin treating for them;

e. Failure to provide Plaintiff and the crew members who were associated with plaintiff or plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their assigned duties in a reasonably safe manner. Defendant's employees are overworked to the point of fatigue.

f. Failure to learn and apply the common and well known principles of industrial ergonomics on board the vessel on which Plaintiff served;

g. Failure to incorporate modern work methods, procedures and material handling techniques on board the vessel on which the Plaintiff worked;

h. Failure to train workers such as Plaintiff properly and employing undersized work crews. As a result, Defendant is having smaller work crews doing jobs traditionally handled by larger crews;

4

i.  Failing to provide Plaintiff with mechanized aids commonly available in other heavy industries and at comparable land based jobs.

j.  Failing to ascertain the cause of prior similar incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's injury, this is in direct violation of the Defendant's own Ship board policies mandated by the ISM Codes' requirements;

k.  Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work.

l.  Prior to Plaintiff's incident(s), Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger the hazard posed to the Plaintiff.

m.  Failure to perform an adequate pre-employment and/or re-employment physical on Plaintiff each time he returned to work after having been sign off the vessel so as to determine the Plaintiff fitness to work on the vessel in the capacity assigned to him prior to having him return to work in that capacity on the vessel.

n.  Failure to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

o.  Failed to select and utilize competent, skilled and properly trained medical care providers on board and shore side and adequate expertise with which to provide the Plaintiff's with prompt, proper and adequate medical care and to equip the vessels medical facility with proper and adequate medical equipment.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

p.  Failure to provide plaintiff with enough sleeping time so as to cause plaintiff and the crew members on the vessel the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000).

q.  Failed to properly medically manage plaintiff's medical care after plaintiff was injured and instead pressuring the medical staff chosen and paid for by Defendant to prematurely declare the Plaintiff at MMI and/or fit to return to duty.

16. At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn the plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the plaintiff to be injured and to not receive adequate care for him injuries.

17. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

18. As a result of the negligence of Defendant, DISNEY the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and him working ability and earning

capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and

Plaintiff will suffer the losses and impairments in the future.  In addition plaintiff in the past and

in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to

found, free food, free helter, free medical care, free uniforms, vacation, and free airline ticket home

and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of

all issues so triable.

## COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twelve

(12) as though they were originally alleged herein.

19. On or about the previously stated date, Plaintiff was a seaman and a member of the crew

of the vessel Dream, which was in navigable waters.

20. At all times material hereto, the vessel was owned, managed, operated and/or controlled

by the Defendant, DISNEY.

21. Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel

on the vessel on which he served.

22. The unseaworthiness of Defendant's vessel was a legal cause of injury and damage to the

Plaintiff by reason of the following:

a. The vessel was unsafe and unfit due to the conditions created by Defendant as

follows: 1)  Assigning the Plaintiff to lift loads that were too heavy for him to

safely lift by himself repetitively; 2)  Failing to adequately limit the weight of each

of the load, Plaintiff was made to lift, to a weight that would be safe for him to lift

regardless of how many lifts he had to do during his work day; 3) Failing to provide

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

the Plaintiff adequate mechanical aids to assist him in doing his job; 4) Requiring the Plaintiff to perform his job during inclement weather conditions on a deck that was not reasonably safe to work on during those conditions; 5) Failing to adequately diagnose the Plaintiff's injuries when he first reported to the ship's medical facility with pain and each time he returned to the ship's medical department seeking care for his conditions and instead sending the Plaintiff back to work on medication designed to mask his pain;

b. The vessel's crew was not properly trained, instructed or supervised;

c. The vessel did not have a fit crew;

d. The vessel did not have adequate manpower for the task being performed;

e. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

23. As a result of the unseaworthiness of the vessel Dream, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to

found, free food, free helter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.


## COUNT III – FAILURE TO PAY MAINTENANCE AND CURE

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twelve (12) as though they were originally alleged herein.

24. On or about the previously stated date Plaintiff was injured while in the service of the Defendant's vessel, Dream, which was in navigable waters.

25. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY, until Plaintiff is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

26. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

27. An MMI declaration must be unequivocal and if not any doubts or controversy regarding whether or not the seaman is at MMI must be resolved in favor of the seaman.

28. Defendant DISNEY failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Furthermore, Defendant unreasonably failed to pay or provide Plaintiff with

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

maintenance and cure which aggravated him condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

## COUNT IV – FAILURE TO TREAT

Plaintiff re-alleges, adopts and incorporates by references paragraphs one (1) through twelve (12) as though originally alleged herein.

29. On or about the previously stated date, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the crew of the vessel Dream, which was in navigable waters.

30. It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

31. Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

   a.  Defendant not giving Plaintiff medical care in a timely manner after he reported him injury to the ship's doctor and/or nurse seeking treatment for him condition; and/or,

   b.  Defendant sending Plaintiff back to work after he reported him condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

    c.  Defendant manipulating and directing Plaintiff's medical care both ship board and

shore side in such a way as to minimize their expense and enable them to delay and/or deny

the Plaintiff medical care that would cure him condition.

32. As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered

additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was

injured about plaintiff's body and extremities, suffered physical pain and suffering, mental

anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment

of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life,

feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously

existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's

injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working

ability and earning capacity has been impaired. The injuries and damages are permanent or

continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

33. This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic

Richfield Company, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to

provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for

relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

*Respectfully submitted,*

LIPCON, MARGULIES, ALSINA &
WINKLEMAN, P.A.
*Attorneys' for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
E-mail: Ralsina@lipcon.com

By:     *s/*Ricardo V. Alsina
RICARDO V. ALSINA
Florida Bar No. 883182